UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL SEGURA-RODRIGUEZ,

    Applicant,

v.                                                CASE NO. 8:23-cv-1492-SDM-SPF

WARDEN, Butner Correctional Institution,

    Respondent.
_____/

## ORDER

Segura applies under 28 U.S.C. § 2241 for the writ of habeas corpus. Segura was convicted of conspiracy to possess with intent to distribute five kilograms or more of cocaine, for which he is imprisoned for 236 months.[1] The convictions occurred in this district court in 8:06-cr-493-SDM-EAJ. However, Segura challenges neither his conviction nor his sentence.[2] Instead, Segura challenges the Bureau of Prison's calculation of his sentencing credits, which challenge he correctly states involves a "sentencing execution that a habeas petitioner may challenge with a Section 2241 petition." (Doc. 1 at 2) In the next sentence, however, Segura

---

[1] In the plea agreement Segura admitted to being "the head of a drug trafficking organization [and to] own[ing] or control[ling] various fishing vessels used to successfully smuggle multi-ton quantities of cocaine from the west coast of South America to Mexico for distribution in the United States." (Doc. 94 at 14, 8:06-cr-493)

[2] Segura unsuccessfully challenged his conviction and sentence in an earlier action under Section 2255 in 8:11-cv-848-SDM-EAJ.

acknowledges that "[a] Federal prisoner must file a Section 2241 petition in the district of his custodian, not the district that sentenced him."

Segura is imprisoned in the Butner Federal Correctional Institution in Butner, North Carolina. Because he proceeds under Section 2241, the appropriate venue is Segura's place of imprisonment because the proper respondent is the warden of the prison in the district in which where Segura is imprisoned. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 n.5 (2004), explains that "[t]he plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *See also Diaz v. United States*, 580 F. App'x 716, 717 (11th Cir. 2014) (remanding action under Section 2241 with instructions to transfer the case to the proper district).

This action is transferred to the United States District Court for the Eastern District of North Carolina, Western Division. The clerk must immediately forward the action to that court and close this case.

ORDERED in Tampa, Florida, on July 13, 2023.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE